# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

CANTRELL E. WATTS,                          )
                                            )
               Petitioner,          )
                                            )
v.                                          )      **Case No. CIV-08-249-JHP-KEW**
                                            )
JUSTIN JONES, DIRECTOR OF                   )
DEPARTMENT OF CORRECTIONS,                  )
                                            )
               Respondent.          )

## OPINION AND ORDER

This action is before the court on respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, attacks his conviction in Pittsburg County District Court Case No. CF-2005-346 for Indecent Exposure.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to the motion to dismiss:

03/03/2006    Petitioner was convicted of Indecent Exposure, after six prior felony convictions, in Pittsburg County District Court Case No. CF-2005-346.

06/02/2006    Petitioner's petition in error was untimely filed with the Oklahoma Court of Criminal Appeals, one day after the statutory deadline.

09/08/2006    Petitioner's direct appeal was dismissed as untimely in *Watts v. State*, No. F-2006-0310 (Okla. Crim. App. Sept. 8, 2006).

09/11/2006    Petitioner received the Court of Criminal Appeals' Order Dismissing Appeal, as indicated by the Incoming Prison Mail Log.

09/14/2006    Petitioner placed in the prison mail system an application for post-conviction relief, addressed to the Oklahoma Clerk of Appellate Courts, the Oklahoma Attorney General, the Pittsburg County District Attorney, and Attorney James Michael Miller. Petitioner did not send a copy of the post-conviction application to the Pittsburg County District Court.

09/11/2007    Petitioner's statutory year for filing a habeas corpus petition expired.

06/27/2008    Petitioner filed an application for post-conviction relief in the Pittsburg County District Court.

07/03/2008    Petitioner filed this federal petition for a writ of habeas corpus.

07/17/2008    Petitioner filed an application for post-conviction relief in the Oklahoma Court of Criminal Appeals.

Section 2244(d) provides that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's Judgment and Sentence was entered on March 3, 2006, and his Notice of Intent to Appeal and Designation of the Record was filed with the Oklahoma Court of Criminal Appeals (OCCA) on March 23, 2006. *Watts v. State*, No. F-2006-0310, slip op. at 1 (Okla. Crim. App. Sept. 8, 2006). Pursuant to Rule 3.1, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2006), his Petition in Error was due in the OCCA on or before June 1, 2006, but it was not filed until June 2, 2006, so the appeal was dismissed as untimely. *Id.* Petitioner was advised that if he wanted to seek an appeal out of time, "the proper procedure is to file an application for post-conviction relief in the District Court requesting an appeal out of time." *Id.*, slip op. at 2.

According to the Incoming Prison Mail Log, petitioner received a copy of the OCCA's Order Dismissing Appeal on September 11, 2006. Pursuant to 28 U.S.C. § 2244(d)(1)(D), his statutory year for filing a federal petition for a writ of habeas corpus began on that date. *See Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000) (holding that the statutory year began on the date a particular, relevant court opinion was available to the petitioner). His deadline for filing this habeas petition, therefore, was September 11, 2007. *See* 28 U.S.C. § 2244(d)(1)(D). This petition, filed on July 3, 2008, was untimely.

Although petitioner apparently attempted to file an application for post-conviction relief on September 14, 2006, he failed to file it with the Pittsburg County District Court, as

directed by the OCCA's Order Dismissing Appeal, and as required by Rule 2.1(E) of the *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2006). Because his post-conviction appeal was not "properly filed" pursuant to 28 U.S.C. § 2244(d)(2) and in accordance with the state's procedural requirements governing the time and place of filing, there is no further extension of the tolling period for the unsuccessful attempt at post-conviction relief. *See Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Petitioner's two additional post-conviction applications were filed after expiration of the limitation period, so there is no statutory tolling for those proceedings. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

Although petitioner does not expressly seek equitable tolling in his petition, he does allege he "is a novice seeking justice for injustice and is ill equipped to do so alone due to a medical condition that makes it difficult to concentrate on case and statutory law without the inconvenience of black outs [sic] and severe pain taking petitioner's attention and focus coupled with the lack of a complete library" [Docket #1 at 7]. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). After careful review, the court finds there is no evidence in the record to suggest petitioner is actually innocent of the charges of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #13] is GRANTED, all other pending motions are DENIED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 20th day of February 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma